IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TIFFANY YOUNGBLOOD,<br><br>    Defendant. | NO. 1:18-mj-00068-CJW<br><br>**DEFENDANT TIFFANY YOUNGBLOOD'S OBJECTION TO ORDER FOR PRETRIAL DETENTION** |

    Comes now the Defendant, Tiffany Youngblood, and files her Appeal from the Court's Order of pretrial detention in this matter.

    On March 9, 2018 preliminary and detention hearings were held before the Honorable Kelly K.E. Mahoney on Ms. Youngblood and her codefendant, Dino Harrington. Both had been arrested on a criminal complaint charging them with distribution and aiding and abetting the distribution of heroin in violation of 21 U.S.C. § 841(a) (1) and 18 U.S.C. § 2. The Magistrate granted motions for detention on both defendants. Both were subsequently indicted for distribution and aiding in the distribution of heroin within 1,000 feet of a truck stop in violation of 21 U.S.C. §§841 (a) (1), 829, 851 and 18 U.S.C.§2 and possession with intent to distribute heroin.

## FACTS

    Youngblood and her husband, Dino Harrington, were arrested after the second of two controlled buys of heroin. On March 1, 2018, Youngblood drove the car while Harrington met with a confidential informant at a gas station. On March 5, Harrington drove the car and Youngblood waited in the car while Harrington made the delivery. Each controlled buy was for ½ gram of heroin. Upon their arrest, a handgun was located in Youngblood's purse on the passenger side floorboard. She had a valid permit to possess and carry the weapon. Youngblood was found in possession of 6 additional grams in 12 packages. She told police she answered the phone and Harrington made the heroin deliveries. The confidential

informant indicated he had made other purchases from the defendants in the past. (Tr. 5-18).

On December 6, 2017 police responded to Youngblood's residence when two individuals, one armed with a 2x4, threated Youngblood. She responded by displaying a handgun for which she had a valid permit. (Tr. 18-19).

Two of her second grade children were interviewed at their school in January, 2018 and made statements implicating her and her and Harrington in repacking and selling heroin. One statement attributed to them was that "white powder" was divided up in the house and was kept behind the vegetables. No action was taken by school authorities or the police, who were notified at the time of the statements.

A search was made of Youngblood's home immediately after their arrest. No firearms or controlled substances were found. There was no evidence the children had consumed or were exposed to any controlled substances in the home. In addition, representatives of the Iowa Department of Human Services were notified after her arrest and inspected the home. They took no action to remove the children at that time, but indicated if Youngblood were released they might require additional supervision. (Tr. 34, 36).

The probation office recommended Youngblood be released on a personal recognizance bond with pretrial supervision. She was 39 years old and had no criminal history, no history of drug or alcohol treatment or abuse and a strong work history in Chicago before moving to Cedar Rapids in 2016. She had a stable address where she raised four children, one of whom suffered from short term memory problems resulting from brain surgery and two of whom had individualized education programs because of learning disabilities. Her mother, Linda Brewer, a retired school teacher, had just moved into the family home. Her husband, the codefendant Dino Harrington, was detained and did not object to his Order for detention.

The Court found Youngblood had overcome the statutory presumption that she be detained (Order pg. 2), but found other factors warranted detention. The Court checked a box indicating the weight of the evidence was a factor, but did not check any others on the preprinted document. The handwritten

portion of the Court's Order stated the other factors in support of detention:

> Defendant's possession of a firearm, admittedly in connection to drug trafficking, combined with the nature of the alleged offense ( ongoing heroin distribution ) demonstrate the incredibly serious risk of danger Defendant poses to the community in general. The information regarding minor children indicates a particular risk of danger posed to those children. While Defendant's history and characteristics overwhelmingly weigh in favor of release, I find the weight of the evidence and nature and circumstances of the offense show there are no conditions or combinations of conditions that will assure the safety of others if the Defendant were released.

(Order pg. 3.).

## AUTHORITY

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community." 18 U.S .C. § 3142(b), (c), and (e); *see United States v. Abad,* 350 F.3d 793, 797 (8th Cir.2003).

"Consistent with the intent expressed in the legislative history, the statutory scheme of 3142 continues to favor release over pretrial detention. Section 3142 provides four alternatives from which the judicial officer must choose: (1) release on personal recognizance or unsecured appearance bond, or (2) release subject to certain conditions, or (3) temporary detention to permit, among other things, revocation of conditional release, or (4) pretrial detention. The judicial officer most often will be deciding between the first and the second alternatives. The statutorily mandated progression from one choice to the next is critical: a judicial officer cannot determine that a detention hearing and the possible imposition of pretrial detention is appropriate merely by determining that release on personal recognizance will not "reasonably assure" the defendant's appearance at trial or "will endanger" the community.

The judicial officer must also consider whether one of the codified conditions or any combination of the conditions will "reasonably assure" the defendant's appearance and the safety of the community. The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *U.S. v Orta, 760 F.2d 887 (8th Cir. 1985).*

The district court conducts a *de novo* review of the magistrate judge's order. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir.1985) *(en banc)*. The court independently makes its own *de novo* determination of the facts and the propriety of detention without deference to the magistrate judge's findings or conclusion. The court may incorporate the record of the detention hearing conducted by magistrate. A district court, unlike a court of appeals, is equipped to explore and redetermine factual issues if that proves necessary.

## ARGUMENT

Youngblood objects to the magistrate's finding that her children or other persons are in danger from her if she were to be released pending trial. There was insufficient evidence from which the Court could conclude by clear and convincing evidence that Youngblood presented a danger to her own children or others if released. She also objects to the Court's failure to consider any alternatives to detention.

**1. Youngblood did not represent a danger if released.**

The detention Order notes the danger to Youngblood's children as a reason for detention. The record does not support a finding that the children were ever exposed to heroin in the home. They spoke of seeing a white powder and knowing where it was stored. They did not speak of heroin use or sales in the home. They did not indicate they knew what the white powder was. When law enforcement entered the home some three months after the children were interviewed there was no heroin present and no sign of heroin exposure in the children.

The Court appears to adopt per se rule with regard to heroin that has no statutory basis. (Tr. 55-57). There was nothing about the facts and circumstances of the offense which would be considered out of the ordinary for a charge of distribution of heroin. A total of 6 grams of heroin was possessed and two ½ gram deliveries were made at a gas station. Youngblood did possess a weapon, but did not physically deliver heroin while possessing it, did not threaten others with it, did not display it, and has not now been indicted on any weapon related charges. While heroin is certainly a dangerous substance, adequate steps can be taken during a period of pretrial release to ensure that Youngblood does not possess any. She

herself is not dangerous, which must be the key consideration. The Court expressed surprise that the government even sought detention. (Tr. P. 56). In fact, the Court found she was a person whose "history and characteristics overwhelmingly weigh in favor of release." It is implicit in this finding that she is a person amenable to supervision and who can be reasonably expected to comply with the terms of her pretrial release, including a condition that she not possess a firearm and not sell heroin.

2. **The record showed there were conditions or combinations of conditions that would insure the safety of the public.**

There were also conditions apparent in the record which would assure the safety of Youngblood's children and others. Youngblood's home is also now occupied by another adult, her mother, a retired school teacher, who can ensure that the home environment is a safe one. In addition, the Iowa Department of Human Services has made an inspection of the home post-arrest and is available to take whatever protective measures might be appropriate if Youngblood were to return. The Court already found she was a person whose characteristics were overwhelmingly positive, an indicator that she would comply with additional conditions of release. There were other conditions or combinations of conditions available to ensure the safety of others short of detention which the Court did not consider.

## CONCLUSION

Tiffany Youngblood ask the Court to make a de novo review of the record and find she does not represent a danger to the public if released, or in the alternative, that there are conditions of release that will insure the safety of the public and release her on the terms recommend by the probation office, a personal recognizance bond with pretrial supervision.

CERTIFICATE OF SERVICE

I hereby certify that on ___April 13___, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

*Justin Lightfoot, Asst. U.S. Attorney*

Jonathan B. Hammond AT0003109
KLINGER, ROBINSON & FORD, L.L.P.
401 Old Marion Road NE
P. O. Box 10020
Cedar Rapids, IA 52410-0020
(319) 395-7400
(319) 395-9041 (Facsimile)
jhammond@krflawfirm.com

By: \_\_\_\_\_/ s / J. S. Kanellis_____

ATTORNEY FOR DEFENDANT

# UNITED STATES DISTRICT COURT
for the

Northern District of Iowa

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| TIFFANY YOUNGBLOOD, | ) Case No. 18-MJ-68 CJW | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**

☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ (e) any felony that is not otherwise a crime of violence but involves:
(i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; *and*

☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*

☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

Page 1 of 3

Case 1:18-mj-00068-CJW   Document 19   Filed 03/09/18   Page 1 of 3
Case 1:18-mj-00068-CJW   Document 26   Filed 04/13/18   Page 7 of 9

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☑ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; or

  ☐ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g), the available conditions of release, and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong *(incredibly strong)*.
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Defendant's possession of a firearm, admittedly in connection to drug trafficking, combined with the nature of the alleged offense (ongoing heroin distribution) demonstrate the incredibly serious risk of danger Defendant poses to the community in general. The information regarding minor children indicates a particular risk of danger posed to those children. While Defendant's history and characteristics overwhelmingly weigh in favor of release, I find the weight of the evidence and nature and circumstances of the offense show there are no conditions or combination of conditions that will assure the safety of others if Defendant were released.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

## Part V - Directions Regarding Review or Appeal

If either party seeks further review or appeals this order, the party requesting a change in the original *must*: (1) attach a copy of this order to the appeal; and (2) promptly secure a transcript.

Date: 03/09/2018

_____
United States Magistrate Judge

Page 3 of 3

Case 1:18-mj-00068-CJW   Document 19   Filed 03/09/18   Page 3 of 3
Case 1:18-mj-00068-CJW   Document 26   Filed 04/13/18   Page 9 of 9